State Court of Fulton County
**E-FILED**
17EV002798
7/31/2017 2:29:57 PM
LeNora Ponzo, Clerk
Civil Division

4400.0057

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, SODEXO MANAGEMENT, INC., NATIONAL DENTAL ASSOCIATION, and John Does 1-2, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 17EV002798 |

### DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Marriott International, Inc. (hereinafter referred to as "Defendant" or "Defendant Marriott"), a named defendant in the *Complaint and Jury Demand* ("Complaint") of Plaintiff Naomi Lynch Davis ("Plaintiff"), by and through undersigned counsel, and files this, its *Answer and Defenses*, showing unto the Court as follows:

### FIRST DEFENSE

For a first defense, Defendant Marriott responds to the enumerated paragraphs of Plaintiff's *Complaint* ("Complaint") as follows:

*Overview of Action*

1.

In response to Paragraph 1 of Plaintiff's *Complaint*, Defendant Marriott shows that Plaintiff's *Complaint* set forth claims of negligence and wrongful resulting from an incident that occurred on or around July 22, 2016 at the Marriott Marquis located at 265 Peachtree Avenue NE, Atlanta, Georgia 30303 but Defendant Marriott denies that such violations and/or breaches

occurred. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 1 of Plaintiff's *Complaint* are denied.

<em>Parties, Venue and Jurisdiction</em>

2.

In response to Paragraph 2 of Plaintiff's *Complaint*, Defendant Marriott shows that Plaintiff's *Complaint* set forth claims of negligence and wrongful death resulting from an incident that occurred on or around July 22, 2016 at the Marriott Marquis located at 265 Peachtree Avenue NE, Atlanta, Georgia 30303 but Defendant Marriott denies that such violations and/or breaches occurred. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 2 of Plaintiff's *Complaint* are denied.

3.

Defendant Marriott is without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 3 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

4.

Paragraph 4 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott states that the language of O.C.G.A. § 51-4-2 speaks for itself but that generally the statute outlines which survivors of a decedent may file an action for wrongful death; however, Defendant Marriott shows that no action or omission on the part of Defendant Marriott proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant

Marriott.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 4 of Plaintiff's *Complaint* are denied.

5.

Paragraph 5 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott states that the language of O.C.G.A. § 51-4-5 speaks for itself but that the statute generally provides a right for recovery on behalf of a decedent's estate; however, Defendant Marriott shows that no action or omission on the part of Defendant Marriott proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Marriott.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 5 of Plaintiff's *Complaint* are denied.

6.

Paragraph 6 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott states that the language of O.C.G.A. § 51-4-2 speaks for itself but that generally the statute outlines which survivors of a decedent may file an action for wrongful death; however, Defendant Marriott shows that no action or omission on the part of Defendant Marriott proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Marriott.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 6 of Plaintiff's *Complaint* are denied.

7.

Paragraph 7 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott shows it is a business incorporated under the laws of the State of Maryland.  Defendant Marriott further states that it may be served through its registered agent, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.  By way of further response, Defendant Marriott shows that it operates and maintains the Atlanta Marriott Marquis located at 265 Peachtree Avenue, Atlanta, Georgia 30303.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 7 of Plaintiff's *Complaint* are denied.

8.

Paragraph 8 of Plaintiff's *Complaint*, Defendant calls upon Defendant to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant shows that Co-Defendant Sodexo Management, Inc. ("Sodexo") is a is a foreign corporation and registered to conduct business in the State of Georgia.  Defendant further shows that Sodexo may be served through its registered agent for service of process, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.  By way of further response, Defendant Marriott shows that Sodexo is an improper party in interest and did not own, maintain, manage, operate or control the Atlanta Marriott Marquis located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 8 of Plaintiff's *Complaint* are denied.

9.

In response to Paragraph 9 of Plaintiff's *Complaint*, Defendant Marriott shows that the 2016 National Dental Association Annual Convention was held at the Atlanta Marriott Marquis in July 2016.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 9 of Plaintiff's *Complaint* are denied.

10.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 10 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

11.

Defendant Marriott is without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 11 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

12.

Paragraph 12 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott admits, for the purpose of this litigation only, that venue and jurisdiction are proper. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 12 of Plaintiff's *Complaint* are denied.

*Facts*

13.

In response to Paragraph 13 of Plaintiff's *Complaint*, Defendant Marriott shows that the 2016 National Dental Association Annual Convention was held at the Atlanta Marriott Marquis

in July 2016.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 13 of Plaintiff's *Complaint* are denied.

14.

In response to Paragraph 14 of Plaintiff's *Complaint*, Defendant Marriott shows that on or around July 22, 2016, the 2016 National Dental Association Annual Convention's Opening Night Reception was held at Atlanta Marriott Marquis in the Imperial Ballroom Foyer.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 14 of Plaintiff's *Complaint* are denied.

15.

In response to Paragraph 15 of Plaintiff's *Complaint*, Defendant Marriott shows it placed directional signage in and around the Imperial Ballroom Foyer on the evening of July 22, 2016 during the 2016 National Dental Association Annual Convention held at the Atlanta Marriott Marquis in or around July 2016.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 15 of Plaintiff's *Complaint* are denied.

16.

In response to Paragraph 16 of Plaintiff's *Complaint*, Defendant Marriott shows that decedent Robert Davis reported a knee injury on or around July 22, 2016.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 16 of Plaintiff's *Complaint* are denied.

17.

In response to Paragraph 17 of Plaintiff's *Complaint*, Defendant Marriott shows that decedent Robert Davis reported a knee injury on or around July 22, 2016.  By way of further response, Defendant Marriott shows that Marriott Loss Prevention Officers responded to the

incident and EMS were called to transport Mr. Davis to the hospital.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 17 of Plaintiff's *Complaint* are denied.

18.

Defendant Marriott is without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 18 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

19.

Defendant Marriott is without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 19 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

*First Cause of Action (Negligence)*

20.

Defendant Marriott re-alleges and incorporates the defenses set-forth in Paragraphs 1-19 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

21.

Paragraph 21 of Plaintiff's *Complaint* calls upon Defendant Marriott to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Marriott admits that it owes those duties, if any, imposed by law. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 21 of Plaintiff's *Complaint* are denied.

22.

Defendant Marriott denies the averments contained in Paragraph 22 of Plaintiff's *Complaint*.

23.

Defendant Marriott denies the averments contained in Paragraph 23 of Plaintiff's *Complaint*.

24.

Defendant Marriott denies the averments contained in Paragraph 24 of Plaintiff's *Complaint*.

25.

Defendant Marriott denies the averments contained in Paragraph 25 of Plaintiff's *Complaint*.

26.

Defendant Marriott denies the averments contained in Paragraph 26 of Plaintiff's *Complaint*.

27.

Defendant Marriott denies the averments contained in Paragraph 27 of Plaintiff's *Complaint*.

*Second Cause of Action*
*(Negligent Training & Supervision)*

28.

Defendant Marriott re-alleges and incorporates the defenses set-forth in Paragraphs 1-27 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

29.

Defendant Marriott denies the averments contained in Paragraph 29 of Plaintiff's *Complaint*.

30.

Defendant Marriott denies the averments contained in Paragraph 30 of Plaintiff's *Complaint*.

31.

Defendant Marriott denies the averments contained in Paragraph 31 of Plaintiff's *Complaint*.

32.

Defendant Marriott denies the averments contained in Paragraph 32 of Plaintiff's *Complaint*.

33.

Defendant Marriott denies the averments contained in Paragraph 33 of Plaintiff's *Complaint*.

*Damages Sought*

34.

Defendant Marriott re-alleges and incorporates the defenses set-forth in Paragraphs 1-33 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

35.

The averments alleged in Paragraph 35 of Plaintiff's *Complaint* call for no response. Insofar as a response might be called for, Defendant states that is without knowledge or information sufficient to allow it to either admit or deny said averments, which therefore stand

denied by operation of law.   Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 35 of Plaintiff's *Complaint* are denied.

36.

The averments contained in the "WHEREFORE" Paragraph, including its subparts (a) through (d), do not require a response. However, to the extent that a response is required, Marriott denies the averments contained therein.

37.

Any allegations or averments contained in Plaintiff's *Complaint* that are not expressly admitted by Defendant Marriott in this, *Answer and Defenses,* are hereby denied.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Marriott and, therefore, should be dismissed.

**THIRD DEFENSE**

Plaintiff's failure to specifically state and plead items of special damages sought in this action bars her recovery pursuant to O.C.G.A. § 9-11-9(g).

**FOURTH DEFENSE**

No action or omission on the part of Defendant Marriott proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Marriott.

**FIFTH DEFENSE**

Defendant Marriott was without fault or negligence of any kind or nature in the incident which forms the basis of Plaintiff's *Complaint*, with the result that Plaintiff is not entitled to recover any damages whatsoever of Defendant Marriott.

## SIXTH DEFENSE

Defendant Marriott breached no legal duty owed to the decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Marriott.  At all times, Defendant Marriott exercised that degree of care required by law; therefore, Plaintiff may not recover from Defendant Marriott in any sum or manner whatsoever.

## SEVENTH DEFENSE

Plaintiff is barred from recovering on her claims against Defendant Marriott as the negligence of decedent Robert Davis was equal to, or greater than, the negligence of Defendant Marriott, which negligence is denied.

## EIGHTH DEFENSE

Decedent Robert Davis's alleged injuries and damages are the result of the acts and/or omissions of persons or entities other than Defendant Marriott, over whom Defendant Marriott had no control, and for who negligence, fault or actions Defendant Marriott is in no way responsible.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint,* Defendant Marriott respectfully requests:

(a)    that the Court enter judgment in Defendant Marriott's favor and cast all costs of said action against Plaintiff;

(b)    for a trial by jury of twelve (12); and

(c)    for such further relief as this Court deems just and proper.

*Signature appears on next page*

Respectfully submitted this _31st_ day of _July_, 2017.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road                    ***/s/ Candis R. Jones*_____**
Atlanta, Georgia 30326                         Matthew G. Moffett
Telephone:      (404) 870-7436                 Georgia State Bar No.:  515323
Facsimile:      (404) 870-1030                 Candis R. Jones
Email:          mmoffett@grsmb.com             Georgia State Bar No.:  636218
                cjones@grsmb.com               *Attorneys for Marriott International, Inc.*

4400.0057

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, SODEXO MANAGEMENT, INC., NATIONAL DENTAL ASSOCIATION, and John Does 1-2, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  <br><br> CIVIL ACTION <br> FILE NO.  17EV002798 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ***Defendant Marriott International, Inc.'s Answer And Defenses To Plaintiff's Complaint*** with the Clerk of Court using Odyssey eFileGA, which will send electronic notification to the following counsel of record, or in the alternative, via United States Postal Service with adequate postage affixed thereto to the following:

**Stacey A. Carroll, Esq.**
**CARROLL LAW FIRM, LLC**
**9040 Roswell Road, Suite 310**
**Atlanta, GA 30350**

This <u>31st</u> day of <u>July</u> , 2017.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:   (404) 870-7436
Facsimile:   (404) 870-1030
Email:   mmoffett@grsmb.com
        cjones@grsmb.com

*/s/ Candis R. Jones*_____
Matthew G. Moffett
Georgia State Bar No.:  515323
Candis R. Jones
Georgia State Bar No.:  636218
*Attorneys for Marriott International, Inc.*

State Court of Fulton County
**E-FILED**
17EV002798
7/31/2017 2:29:57 PM
LeNora Ponzo, Clerk
Civil Division

4400.0057

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO.  17EV002798 |
| MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, SODEXO MANAGEMENT, INC., NATIONAL DENTAL ASSOCIATION, and John Does 1-2, | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
### DEMAND FOR TWELVE PERSON JURY

COMES NOW Marriott International, Inc., (hereinafter referred to as "Defendant" or "Defendant Marriott"), by and through its undersigned counsel, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted this 31st day of July , 2017.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:    (404) 870-7436
Facsimile:    (404) 870-1030
Email:    mmoffett@grsmb.com
cjones@grsmb.com

*/s/ Candis R. Jones*
Matthew G. Moffett
Georgia State Bar No.: 515323
Candis R. Jones
Georgia State Bar No.: 636218
*Attorneys for Marriott International, Inc.*

*(CERTIFICATE OF SERVICE ON FOLLOWING PAGE)*

4400.0057

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, SODEXO MANAGEMENT, INC., NATIONAL DENTAL ASSOCIATION, and John Does 1-2, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO.  17EV002798 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing ***Defendant Marriott International, Inc.'s Demand for Twelve Person Jury*** with the Clerk of Court using Odyssey eFileGA, which will send electronic notification to the following counsel of record or in the alternative, via United States Postal Service with adequate postage affixed thereto to the following:

**Stacey A. Carroll, Esq.**
**CARROLL LAW FIRM, LLC**
**9040 Roswell Road, Suite 310**
**Atlanta, GA 30350**

This  31st  day of  July , 2017.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road                /s/ Candis R. Jones_____
Atlanta, Georgia 30326                     Matthew G. Moffett
Telephone:    (404) 870-7436           Georgia State Bar No.:  515323
Facsimile:    (404) 870-1030            Candis R. Jones
Email:    mmoffett@grsmb.com       Georgia State Bar No.:  636218
              cjones@grsmb.com         *Attorneys for Marriott International, Inc.*