State Court of Fulton County
**E-FILED**
17EV002798
3/30/2018 11:23 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> vs. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, and John Does 1-2, <br><br> Defendants. | Civil Action File No.17EV002798 |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, Naomi Davis, individually and as Administrator of the Estate of Robert Davis, D.D.S., by and through undersigned counsel, and for her First Amended Complaint states and alleges as follows:

**OVERVIEW OF ACTION**

1. This case arises out of the actions of Defendants Marriott International, Inc. d/b/a Atlanta Marriott Marquis, Black Diamond BGWB14 Inc., the National Dental Association, and John Does 1-2 for their collective and combined negligence in causing an unsecured easel and sign to be placed in the middle of a crowded hallway in the Marriott Marquis Atlanta during a National Dental Association Convention, where the easel fell and struck the leg of Plaintiff's decedent, Robert Davis, D.D.S. Dr. Davis suffered a serious leg injury, requiring surgery. Shortly before the surgery, and due to the blunt force trauma associated with the easel and sign

1

striking his left leg, Robert Davis died of a pulmonary embolism. That embolism was the direct and proximate result of Defendants' negligence.

## PARTIES, VENUE AND JURISDICTION

2. This is a wrongful death action and a survivorship action brought by Plaintiff pursuant to O.C.G.A. §§ 51-4-1 to 51-4-5 and other applicable Georgia law arising from the untimely and wrongful death of Robert Davis, D.D.S., who died on July 29, 2016.

3. At the time of his death, decedent Robert Davis, D.D.S., was 68 years of age and lawfully married to Plaintiff, Naomi Davis, to whom he had been continuously married for 46 years.

4. At the time of his death, Dr. Davis and his wife had three natural children, all of which are over the age of eighteen. Pursuant to O.C.G.A. § 51-4-2(c), Naomi Davis, as surviving spouse, is entitled to assert claims for the full value of the life of Robert Davis, D.D.S., tangible and intangible, economic and non-economic, and shall hold the consideration for any release of the alleged wrongdoers for the benefit of the heirs at law of the decedent subject to O.C.G.A. § 51-4-2(d).

5. Plaintiff Naomi Davis is the duly appointed administrator of Robert Davis' estate pursuant to an order of the Probate Court of Montgomery County, Ohio. Pursuant to O.C.G.A. § 51-4-5(b), Naomi Davis is the proper party to assert the claims of the Estate for: (1) funeral, medical, and other necessary expenses resulting from the death of Robert Davis; and (2) damages for his conscious pain and suffering prior to his death proximately resulting from the tortious acts and/or omissions alleged herein.

6. Pursuant to O.C.G.A. § 51-4-2(c), Plaintiff Naomi Davis, as surviving spouse, is entitled to assert claims for the full value of the life of Robert Davis, tangible and intangible,

economic and non-economic, and shall hold the consideration for any release of the alleged wrongdoers for the benefit of the heirs at law of the decedent subject to O.C.G.A. § 51-4-2(d).

7. Defendant Marriott International, Inc. d/b/a Atlanta Marriott Marquis is a corporation organized under the laws of the State of Maryland, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit, and may be served through its registered agent for service of process, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia. At all times relevant herein, Defendant Marriott International, Inc. operated, managed, and maintained the Atlanta Marriott Marquis hotel located at 265 Peachtree Avenue in Atlanta, Fulton County, Georgia.

8. Defendant Black Diamond BGWB14 Inc. is a foreign corporation organized under the laws of a state other than Georgia, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit, and may be served through its registered agent for service of process, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805. At all times material herein, Defendant Black Diamond BGWB14 Inc. owned the Atlanta Marriott Marquis hotel located at 265 Peachtree Center Avenue NE, Atlanta, Georgia, 30303.

9. Defendant National Dental Association ("NDA") is a Maryland entity organized under the laws of the District of Columbia (Washington, D.C.) and is the oldest and largest organization of minority oral health professionals in the world. The NDA counts more than 7,000 minority dentists world-wide as members. Robert Davis, D.D.S., was a member of the NDA, and was attending its annual convention at the Atlanta Marriott Marquis in July 2016 when the incident at issue occurred. The purpose of the NDA is to promote oral health equity among people of color by harnessing the collective power of its members, advocating for the

needs of and mentoring dental students of color, and raising the profile of the profession in minority communities.

10. Defendants John Does 1 and 2 were vendors, sponsors, agents or contractors for the named Defendants who negligently placed the easel and sign in a crowded hallway, knowing it would likely get knocked over. When their identities become known, Plaintiff will file an amended complaint adding those individuals/entities as party defendants to this complaint.

11. All relevant acts and omissions giving rise to this complaint took place at the Atlanta Marriott Marquis in Atlanta, Fulton County, Georgia.

12. Venue and jurisdiction are proper in this Court because the tort and injury described herein occurred in Fulton County, Georgia, and Defendants Marriott International, Inc. and Black Diamond BGWB14 Inc. maintain an office and transact business in Fulton County.

## **FACTS**

13. On or about July 22, 2016, Robert Davis D.D.S. and his wife, Naomi Davis, were attending the 103rd Annual National Dental Association Convention at the Atlanta Marriott Marquis hotel.

14. On the evening of the July 22, 2016, Dr. Davis and his wife were in the Imperial Foyer and adjoining hallways outside of the main convention room waiting for the opening ceremony to begin, along with most of the other attendees of the convention.

15. The Defendants had place a large easel and sign in the crowded foyer/hallway, adjacent to a bar, which was also in the foyer/hallway. Dr. Davis had been speaking to his wife and some friends when he got up to put a couple of glasses on a tray to be carried away by Marriott employees who were serving the event.

4

16. When Dr. Davis walked in the vicinity of the sign and easel, another guest, upon information and belief, bumped into the easel, causing it to fall. Dr. Davis noticed that the easel was going to strike a young woman, so he lifted his left leg to catch the falling easel and prevent it from striking the young woman. The force of the falling easel caused Dr. Davis to fall to ground.

17. Security from the Atlanta Marriott Marquis came to the scene and helped Dr. Davis up. Dr. Davis reported the incident to security and was taken by ambulance to Grady Memorial Hospital. Upon information and belief, Dr. Davis was diagnosed with a hyperextended and dislocated left knee, with a potential patellar tendon tear.

18. Within several days, Dr. Davis and Naomi Davis returned home to Trotwood, Ohio. Dr. Davis sought out the opinion of a local orthopedic surgeon, who, upon information and belief, preliminarily diagnosed a quadricep tear and scheduled Dr. Davis for surgery on August 1, 2016.

19. On the evening of July 28, 2016, and spilling over to the early morning hours of July 29, 2016, Dr. Davis began have trouble breathing. Naomi Davis called emergency services, but Dr. Robert Davis died on July 29, 2016 of a pulmonary embolism from the trauma of the easel and sign falling and striking his left leg.

## FIRST CAUSE OF ACTION (NEGLIGENCE)

20. The foregoing paragraphs are incorporated as if set forth fully herein.

21. At all relevant times, Defendants were under a duty to maintain reasonably safe premises for invitees such as Plaintiff pursuant to O.C.G.A. § 51-3-1 and Georgia common law.

22. Defendants failed to exercise ordinary or reasonable care in their selection, positioning, placement and maintenance of the easel and sign. The easel and sign were unstable,

susceptible of being inadvertently bumped or knocked over, and otherwise presented a danger to the attendees of the National Dental Association Convention, including Plaintiff's decedent, Robert Davis.

23. Defendants negligently placed an unstable easel and sign in a crowded foyer/hallway, near bars, where hundreds of the NDA convention attendees and guests were gathered prior to the opening ceremonies of the convention. Defendants knew, or should have known, that placing an unstable easel and sign in a crowded area was unsafe, dangerous, and hazardous to the attendees, as the easel/sign could be inadvertently bumped over and fall onto a guest, just as happened to Dr. Robert Davis.

24. Defendants' negligence included the failure to use safe alternatives to display a sign, including hanging it from the ceiling, where no would could inadvertently bump into the easel/sign; placing the easel and sign in an area that was roped off and off limits to convention attendees; or using a device to hold the sign that presented little or no risk of injury to the convention attendees should the device be bumped into.

25. Defendants' failure to exercise ordinary care was a proximate cause of the injuries and damages described herein.

26. Defendants are liable to the Estate of Robert Davis for all damages recoverable, including but not limited to pain and suffering, medical expenses, lost wages, and funeral expenses.

27. Defendants are liable to the surviving heirs of Robert Davis for all damages recoverable, including but not limited to the full value of his life, both economic and non-economic, as allowed under applicable Georgia law.

## SECOND CAUSE OF ACTION
## (NEGLIGENT TRAINING & SUPERVISION)

28. The foregoing paragraphs are incorporated as if set forth fully herein.

29. Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate and secure placement and inspections of easels and similar items were performed on the premises and in failing to train employees concerning safety procedures for same.

30. Defendants were negligent in training and supervising their staff.

31. As a result of Defendants' negligence in training and supervising their employees, Plaintiff was injured on the premises.

32. Defendants are liable to the Estate of Robert Davis for all damages recoverable, including but not limited to pain and suffering, medical expenses, lost wages, and funeral expenses.

33. Defendants are liable to the surviving heirs of Robert Davis for all damages recoverable, including but not limited to the full value of his life, both economic and non-economic, as allowed under applicable Georgia law.

## DAMAGES SOUGHT

34. The foregoing paragraphs are incorporated as if set forth fully herein.

35. Plaintiff seeks recovery from Defendants for every element and category of damages permitted under Georgia law to which she is entitled, including, but not limited to, the following:

(a) In her capacity as surviving spouse of Robert Davis, Plaintiff Naomi Davis seeks recovery for damages for the wrongful death of Robert Davis, including the full value of his life – economic and non-economic, tangible and intangible; and

(b) In her capacity as Administrator of the Estate of Robert Davis, Naomi Davis seeks damages for the pain, suffering, anxiety, fright, shock, terror, funeral and other bills, lost wages, and property loss suffered by Robert Davis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That Plaintiff have a trial by jury;

(b) That Plaintiff recover all damages claimed in the paragraphs above and any other damages authorized by Georgia law under the evidence adduced at trial;

(c) That all costs be cast against the Defendants; and

(d) For such other and further relief as the Court shall deem just and appropriate.

**A TRIAL BY A JURY OF TWELVE IS HEREBY DEMANDED**.

This 30th day of March, 2018.

**CARROLL LAW FIRM LLC**

/s/ Stacey A. Carroll
STACEY A. CARROLL
  Georgia Bar No. 112730

9040 Roswell Road
Suite 310
Atlanta, GA 30350
Phone: 404-816-4555
Fax: 404-481-2074
stacey@carroll-firm.com