4400.0057

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, <br><br> Defendants. | **Civil Action File No.:** <br> 1:18-CV-01732-SCJ |

## DEFENDANT BLACK DIAMOND BGWB14 INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Black Diamond BGWB14 Inc. (hereinafter referred to as "Defendant" or "Defendant Black Diamond"), a named defendant in the *Second Amended Complaint and Jury Demand* ("Complaint") of Plaintiff Naomi Davis ("Plaintiff"), by and through undersigned counsel, and files this, its *Answer and Defenses*, showing unto the Court as follows:

# **FIRST DEFENSE**

For a first defense, Defendant Black Diamond responds to the enumerated paragraphs of Plaintiff's *Complaint* ("Complaint") as follows:

*Overview of Action*

1.

In response to the Paragraph 1 of Plaintiff's *Complaint*, Defendant Black Diamond shows that at or around the time of the subject incident, the subject hotel was exclusively maintained and operated by Marriott International, Inc. as Black Diamond was an out-of-possession landlord. By way of further response, Defendant Black Diamond states that it is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 1 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

*Parties, Venue and Jurisdiction*

2.

In response to the Paragraph 2 of Plaintiff's *Complaint*, Defendant Black Diamond shows that Plaintiff's *Complaint* set forth claims of negligence and wrongful death resulting from an incident that occurred on or around July 22, 2016 at the Marriott Marquis located at 265 Peachtree Avenue NE, Atlanta, Georgia

30303 but Defendant Marriott denies that such violations and/or breaches occurred. Defendant Black Diamond further shows that at all relevant times, the subject hotel was exclusively maintained and operated by Marriott International, Inc. as Black Diamond was an out-of-possession landlord. By way of further response, Defendant Black Diamond states that it is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 2 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

3.

Defendant Black Diamond states that it is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 3 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

4.

Paragraph 4 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond states that the language of O.C.G.A. § 51-4-2 speaks for itself but that generally the statute outlines which survivors of a decedent may file an action for wrongful

death; however, Defendant Black Diamond shows that it is an improper party and no action or omission on the part of Defendant Black Diamond proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Black Diamond. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 4 of Plaintiff's *Complaint* are denied

5.

Paragraph 5 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond states that the language of O.C.G.A. § 51-4-5 speaks for itself but that the statute generally provides a right for recovery on behalf of a decedent's estate; however, Defendant Black Diamond shows that it is an improper party and no action or omission on the part of Defendant Black Diamond proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Black Diamond. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 5 of Plaintiff's *Complaint* are denied.

6.

Paragraph 6 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond states that the language of O.C.G.A. § 51-4-2 speaks for itself but that generally the statute outlines which survivors of a decedent may file an action for wrongful death; however, Defendant Black Diamond shows that it is an improper party and no action or omission on the part of Defendant Black Diamond proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Black Diamond. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 6 of Plaintiff's *Complaint* are denied.

7.

Paragraph 7 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond shows that Marriott International, Inc. is a business incorporated under the laws of the State of Maryland. Defendant Black Diamond further states that Marriott International, Inc. may be served through its registered agent, Corporate Creations

Network Inc., located at 2985 Gordy Parkway, 1ˢᵗ Floor, Marietta, Georgia 30066. By way of further response, Defendant Black Diamond shows that Marriott International, Inc. operates and maintains the Atlanta Marriott Marquis located at 265 Peachtree Avenue, Atlanta, Georgia 30303. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 7 of Plaintiff's *Complaint* are denied.

8.

Paragraph 8 of Plaintiff's *Complaint*, Defendant calls upon Defendant to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant shows that it is a foreign corporation and registered to conduct business in the State of Georgia. Defendant further shows that it may be served through its registered agent for service of process, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046. By way of further response, Defendant Black Diamond shows that it is an out of possession landlord and that at or around the time of the subject incident, the Atlanta Marriott Marquis located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303 was exclusively maintained and operated by Marriott International, Inc. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 8 of Plaintiff's *Complaint* are denied.

9.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 9 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

10.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 10 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

11.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 11 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

12.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in

Paragraph 12 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

13.

Paragraph 13 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond admits, for the purpose of this litigation only, that jurisdiction and venue are proper. However, Defendant Black Diamond denies that it is a proper party to the instant case. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 13 of Plaintiff's *Complaint* are denied.

*Facts*

14.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 14 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

15.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in

Paragraph 15 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

16.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 16 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

17.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 17 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

18.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 18 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

19.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 19 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

20.

Defendant Black Diamond is an improper party and without knowledge or information sufficient to allow it to either admit or deny the averments contained in Paragraph 20 of Plaintiff's *Complaint*, which therefore stand denied by operation of law.

*First Cause of Action (Negligence)*

21.

Defendant Black Diamond re-alleges and incorporates the defenses set-forth in Paragraphs 1-20 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

22.

Paragraph 22 of Plaintiff's *Complaint* calls upon Defendant Black Diamond to make a legal conclusion and thus no response is required; provided, however, that to the extent a response is deemed necessary, Defendant Black Diamond

admits that it owes those duties, if any, imposed by law.  Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 22 of Plaintiff's *Complaint* are denied.

23.

Defendant Black Diamond denies the averments contained in Paragraph 23 of Plaintiff's *Complaint*.

24.

Defendant Black Diamond denies the averments contained in Paragraph 24 of Plaintiff's *Complaint*.

25.

Defendant Black Diamond denies the averments contained in Paragraph 25 of Plaintiff's *Complaint*.

26.

Defendant Black Diamond denies the averments contained in Paragraph 26 of Plaintiff's *Complaint*.

27.

Defendant Black Diamond denies the averments contained in Paragraph 27 of Plaintiff's *Complaint*.

28.

Defendant Black Diamond denies the averments contained in Paragraph 28 of Plaintiff's *Complaint*.

*Second Cause of Action*
*(Negligent Training & Supervision)*

29.

Defendant Black Diamond re-alleges and incorporates the defenses set-forth in Paragraphs 1-28 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

30.

Defendant Black Diamond denies the averments contained in Paragraph 30 of Plaintiff's *Complaint*.

31.

Defendant Black Diamond denies the averments contained in Paragraph 31 of Plaintiff's *Complaint*.

32.

Defendant Black Diamond denies the averments contained in Paragraph 32 of Plaintiff's *Complaint*.

33.

Defendant Black Diamond denies the averments contained in Paragraph 33 of Plaintiff's *Complaint*.

34.

Defendant Black Diamond denies the averments contained in Paragraph 34 of Plaintiff's *Complaint*.

*Damages Sought*

35.

Defendant Black Diamond re-alleges and incorporates the defenses set-forth in Paragraphs 1-34 above, as well as the affirmative defenses set-forth above, as if fully set forth herein.

36.

The averments alleged in Paragraph 36 of Plaintiff's *Complaint* call for no response. Insofar as a response might be called for, Defendant Black Diamond states that is an improper party and without knowledge or information sufficient to allow it to either admit or deny said averments, which therefore stand denied by operation of law. Except as expressly admitted or otherwise stated herein, the averments contained in Paragraph 36 of Plaintiff's *Complaint* are denied.

37.

The averments contained in the "WHEREFORE" Paragraph, including its subparts (a) through (d), do not require a response. However, to the extent that a response is required, Black Diamond denies the averments contained therein.

38.

Any allegations or averments contained in Plaintiff's *Complaint* that are not expressly admitted by Defendant Black Diamond in this, *Answer and Defenses,* are hereby denied.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Black Diamond and, therefore, should be dismissed.

## THIRD DEFENSE

Plaintiff's failure to specifically state and plead items of special damages sought in this action bars her recovery pursuant to O.C.G.A. § 9-11-9(g).

## FOURTH DEFENSE

No action or omission on the part of Defendant Black Diamond proximately caused the alleged incident at issue or the alleged injuries and damages of decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Black Diamond.

## FIFTH DEFENSE

Defendant Black Diamond was without fault or negligence of any kind or nature in the incident which forms the basis of Plaintiff's *Complaint*, with the result that Plaintiff is not entitled to recover any damages whatsoever of Defendant Black Diamond.

## SIXTH DEFENSE

Defendant Black Diamond breached no legal duty owed to the decedent Robert Davis, and therefore Plaintiff cannot recover from Defendant Black Diamond.

## SEVENTH DEFENSE

Plaintiff is barred from recovering on her claims against Defendant Black Diamond as the negligence of decedent Robert Davis was equal to, or greater than, the negligence of Defendant Black Diamond, which negligence is denied.

## EIGHTH DEFENSE

Defendant Black Diamond pleads contributory and comparative negligence.

## NINTH DEFENSE

The injuries and damages contended by Plaintiff were caused by persons, entities, and/or circumstances beyond the control of the Defendant Black Diamond.

As such, there can be no recovery against the Defendant Black Diamond whatsoever.

## TENTH DEFENSE

Decedent Robert Davis's alleged injuries and damages are the result of the acts and/or omissions of persons or entities other than Defendant Black Diamond, over whom Defendant Black Diamond had no control, and for who negligence, fault or actions Defendant Black Diamond is in no way responsible.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint,* Defendant Black Diamond respectfully requests:

(a)  that the Court enter judgment in Defendant Black Diamond's favor and cast all costs of said action against Plaintiff;

(b)  for a trial by jury of twelve (12); and

(c)  for such further relief as this Court deems just and proper.

Respectfully submitted this  8th  day of  May , 2018.

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road          */s/ Candis R. Jones*
Atlanta, Georgia 30326               Matthew G. Moffett
Telephone:  (404) 870-7436        Georgia State Bar No.:  515323
Facsimile:   (404) 870-1030         Candis R. Jones
E-mail:        mmoffett@grsmb.com   Georgia State Bar No.: 636218
                    cjones@grsmb.com      *Attorneys for Black Diamond*

4400.0057

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, <br><br> Defendants. | **Civil Action File No.:** <br> 1:18-CV-01732-SCJ |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

This is to certify that I have this day served the foregoing upon all counsel of record by electronic mail and depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stacey A. Carroll, Esq.
**CARROLL LAW FIRM LLC**
9040 Roswell Road
Suite 310
Atlanta, GA 30350

James W. Hardee, Esq.
David A. Olson, Esq.
**FAIN MAJOR & BRENNAN, P.C.**
100 Glenridge Point Parkway, Suite 500
Atlanta, GA 30342

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14 point font.

Respectfully submitted, this the  8th  day of  May , 2018.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road           ***/s/ Candis R. Jones***
Atlanta, Georgia 30326              Matthew G. Moffett
Telephone:  (404) 870-7436          Georgia State Bar No.:  515323
Facsimile:  (404) 870-1030          Candis R. Jones
E-mail:     mmoffett@grsmb.com      Georgia State Bar No.: 636218
            cjones@grsmb.com        *Attorneys for Black Diamond*