IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAOMI DAVIS, individually and as Administrator of the Estate of Robert Davis, D.D.S., | : <br> : <br> : <br> : |
| Plaintiff | : |
| v. | : CIVIL ACTION <br> : FILE NO. 1:18-cv-01732-SCJ <br> : |
| MARRIOTT INTERNATIONAL, INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants | : |

## ANSWER AND DEFENSES OF COLGATE-PALMOLIVE COMPANY TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Colgate-Palmolive Company, Inc. (hereinafter referred to as "Colgate-Palmolive" or "this Defendant"), a named Defendant in the Second Amended Complaint and Jury Demand ("Complaint") of Plaintiff Naomi Davis, individually and as Administrator of the Estate of Robert Davis, D.D.S ("Plaintiff"), by and through its undersigned counsel, and files this, its Answer and Defenses, showing the court as follows:

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim against this Defendant upon which relief can be granted and, therefore, the Complaint should be dismissed.

## SECOND DEFENSE

Colgate-Palmolive did not owe a duty of care to decedent Robert Davis as there was no foreseeable harm known to this defendant as to the decedent, and therefore the Second Amended Complaint of the Plaintiff should be dismissed.

## THIRD DEFENSE

No act or omission on the part of Colgate-Palmolive proximately caused the alleged incident or the alleged injuries and damages of decedent Robert Davis and, therefore, Plaintiff cannot recover any damages against Colgate-Palmolive.

## FOURTH DEFENSE

Colgate-Palmolive was without any fault or negligence of any kind or nature which forms the basis of Plaintiff's Second Amended Complaint and, therefore, Plaintiff is not entitled to recover any damages against Colgate-Palmolive.

## FIFTH DEFENSE

Colgate-Palmolive breached no legal duty owed to the decedent and, therefore, the Plaintiff cannot recover against this Defendant.

## SIXTH DEFENSE

At all times material hereto, Colgate-Palmolive exercised that degree of care required by law and, therefore, Plaintiff may not recover damages from this Defendant.

## SEVENTH DEFENSE

Plaintiff is barred from recovering on her claims against this Defendant as the negligence of decedent Robert Davis was equal to or greater than the negligence of Colgate-Palmolive, which negligence is hereby denied.

## EIGHTH DEFENSE

The alleged injuries and damages to decedent Robert Davis are the result of acts and/or omissions by persons or entities other than this Defendant over whom this Defendant had no control and for whose negligence, fault, or actions, Colgate-Palmolive is in no way responsible.

## NINTH DEFENSE

Decedent Robert Davis, by the exercise of ordinary care, could have avoided any injuries and damages sued upon in this Second Amended Complaint and, therefore, Plaintiff is not entitled to recover any sum from this Defendant.

## TENTH DEFENSE

Decedent Robert Davis assumed the risk of injury by his actions at the time of the incident and thus he is barred from a recovery against this Defendant.

## ELEVENTH DEFENSE

Plaintiff's failure to specifically state and plead items of special damages sought in this action bars her recovery pursuant to F.R.C.P. Rule 9(g).

## TWELFTH DEFENSE

Defendant Colgate-Palmolive responds to the enumerated paragraphs of the Plaintiff's Second Amended Complaint as follows:

### **OVERVIEW OF ACTION**

1.

In response to paragraph 1 of the Second Amended Complaint, Defendant Colgate-Palmolive denies that it was, in any way, negligent, either individually or combined with the negligence of other named defendants, and further states that it did not cause the easel or the sign to be placed in the middle of the hallway at the Marriott Marquis Atlanta hotel during the National Dental Association convention. Upon information, knowledge, and belief, Dr. Davis tripped over his own feet and fell, which had nothing to do with the easel and the sign and its placement at the aforementioned hotel. For want of sufficient information, this Defendant cannot admit or deny whether Dr. Davis died of a pulmonary embolism. However, this Defendant denies that the embolism, to the extent it existed, was a direct and/or proximate result of this Defendant's negligence, which is specifically denied.

Except as expressly admitted or otherwise stated herein, the averments contained in paragraph 1 of the Plaintiff's Second Amended Complaint are denied.

## PARTIES, VENUE, AND JURISDICTION

2.

In response to paragraph 2 of the Second Amended Complaint, no answer is required by this Defendant with regard to these allegations. However, this Defendant denies that any such violations or breaches occurred which constitute negligence on the part of this Defendant.

3.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 3 of the Second Amended Complaint.

4.

In response to paragraph 4 of the Second Amended Complaint, this Defendant denies that it was, in any way, a wrongdoer. For want of sufficient information, this Defendant can neither admit nor deny the remaining allegations contained in paragraph 4 of the Second Amended Complaint.

5.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 5 of the Second Amended Complaint.

6.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 6 of the Second Amended Complaint.

7.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10.

In response to paragraph 10 of the Second Amended Complaint, this Defendant admits it is a foreign corporation organized under the laws of a state other than Georgia.  This Defendant denies that the easel and sign fell or otherwise caused Dr. Davis' injuries and subsequent death.  Except as expressly admitted or otherwise stated herein, the averments contained in paragraph 10 of the Second Amended Complaint are denied.

11.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 11 of the Second Amended Complaint.

12.

This Defendant admits the allegations contained in paragraph 12 of the Second Amended Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of the Second Amended Complaint.

**FACTS**

14.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 14 of the Second Amended Complaint.

15.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 15 of the Second Amended Complaint.

16.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 16 of the Second Amended Complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of the Second Amended Complaint.

18.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 19 of the Second Amended Complaint.

20.

For want of sufficient information, this Defendant can neither admit nor deny the allegations contained in paragraph 20 of the Second Amended Complaint.

## **FIRST CAUSE OF ACTION (NEGLIGENCE)**

21.

Defendant Colgate-Palmolive re-alleges and incorporates the defenses set forth in paragraphs 1 through 20 above, as well as the affirmative defenses set forth above, as if fully set forth herein.

22.

This Defendant denies the allegations contained in paragraph 22 of the Second Amended Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of the Second Amended Complaint.

24.

This Defendant denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25.

This Defendant denies the allegations contained in paragraph 25 of the Second Amended Complaint.

26.

This Defendant denies the allegations contained in paragraph 26 of the Second Amended Complaint.

27.

This Defendant denies the allegations contained in paragraph 27 of the Second Amended Complaint.

28.

This Defendant denies the allegations contained in paragraph 28 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION (NEGLIGENT TRAINING AND SUPERVISION)

29.

Defendant Colgate-Palmolive re-alleges and incorporates the defenses set forth in paragraphs 1 through 28 above, as well as the affirmative defenses set forth above, as if fully set forth herein.

30.

This Defendant denies the allegations contained in paragraph 30 of the Second Amended Complaint.

31.

This Defendant denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32.

This Defendant denies the allegations contained in paragraph 32 of the Second Amended Complaint.

33.

This Defendant denies the allegations contained in paragraph 33 of the Second Amended Complaint.

34.

This Defendant denies the allegations contained in paragraph 34 of the Second Amended Complaint.

## DAMAGES SOUGHT

35.

Defendant Colgate-Palmolive re-alleges and incorporates the defenses set forth in paragraphs 1 through 34 above, as well as the affirmative defenses set forth above, as if fully set forth herein.

36.

Paragraph 36 of the Second Amended Complaint, including subparagraphs (a) and (b), calls for no response from this Defendant. However, insofar as a response might be called for, for want of sufficient information, this Defendant can neither admit nor deny the allegations contained therein.

37.

Any and all allegations not heretofore responded by this Defendant are hereby denied.

WHEREFORE, having fully responded to all of the allegations contained in Plaintiff's Second Amended Complaint, Defendant Colgate-Palmolive Company respectfully requests:

(a)  That the Court enter judgment in favor of Defendant Colgate-Palmolive and all costs be case upon the Plaintiff;

(b)  For a trial by jury; and

(c) For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 10th day of May, 2018.

*/s/Steven J. Kyle*
Steven J. Kyle
Georgia Bar No. 430700
Attorney for Defendant
Colgate-Palmolive Company

**BOVIS, KYLE & BURCH & MEDLIN, LLC**
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338-2668
Tel: 770-391-9100
Fax: 770-668-0878
kyle@boviskyle.com

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAOMI DAVIS, individually and as Administrator of the Estate of Robert Davis, D.D.S., | : : : : |
| Plaintiff | : : |
| v. | : CIVIL ACTION : FILE NO. 1:18-cv-01732-SCJ : |
| MARRIOTT INTERNATIONAL, INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, | : : : : : : |
| Defendants | : |

## **CERTIFICATE OF SERVICE**

I certify that on the 10th day of May, 2018, I electronically filed the ***Answer and Defenses of Colgate-Palmolive Company to Plaintiff's Second Amended Complaint*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Stacey A. Carroll, Esq.
Carroll Law Firm, LLC
9040 Roswell Road, Suite 310
Atlanta, Georgia 30350
Stacey@carroll-firm.com

James W. Hardee, Esq.
David A. Olson, Esq.
Fain, Major & Brennan, P.C.
100 Glenridge Point Parkway, Suite 500
Atlanta, Georgia  30342
jhardee@fainmajor.com
dolson@fainmajor.com

Matthew G. Moffett, Esq.
Candis R. Jones, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
mmoffett@grsmb.com
cjones@grsmb.com

*/s/Steven J. Kyle*
**STEVEN J. KYLE**
Georgia Bar No. 430700
Attorney for Defendant
Colgate-Palmolive Company

**BOVIS, KYLE & BURCH & MEDLIN, LLC**
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338-2668
Tel: 770-391-9100
Fax: 770-668-0878
kyle@boviskyle.com