4400.0057

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No.: 1:18-CV-01732-SCJ |
| MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT BLACK DIAMOND BGWB14 INC.'S
## INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1,

Defendant Black Diamond BGWB14 Inc., (hereinafter referred to as "Defendant"

or "Defendant Black Diamond") hereby submits its Initial Disclosures. Defendant

expressly reserves all of the protections afforded by the attorney-client privilege,

the work product doctrine, and the self-critical analysis privilege. The disclosures

set forth herein are based upon the knowledge and documents within the

possession, custody, and control of Defendant at this time. Defendant is still investigating Plaintiff's claims as pled in her Complaint. To the extent Defendant learns of relevant information, witnesses and/or documents after the filing of these disclosures, Defendant reserves the right to supplement its answers either by way of amendment or via its responses to Plaintiff's interrogatories, document requests, and/or through deposition testimony.

## FRCP 26 Disclosures

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response: Defendant Black Diamond is an out-of-possession landlord named by Plaintiff, which owns the hotel operated by Marriott International, Inc. using the tradename of Atlanta Marriott Marquis located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303. Defendant Black Diamond further shows that the subject hotel was exclusively maintained and operated by Marriott International, Inc.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who has not been named by plaintiff. If

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:** **None known at this time.**

(**3**) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response: Defendant Black Diamond has not completed its investigation into this matter and has not completed its preparation for trial. Defendant Black Diamond anticipates that additional facts to support its defenses may be discovered and reserves the right to supplement its responses.**

**Without waiving these objections, upon information and belief, Plaintiff's *Complaint* purports to state causes of action sounding in negligence against Defendant Black Diamond for injuries, damages and the ultimate death of decedent, Robert Davis, D.D.S., after he allegedly was injured while attending a National Dental Association Convention held at the Atlanta Marriott Marquis Hotel on or around July 22, 2016.**

**Defendant Black Diamond is an out-of-possession landlord named by Plaintiff, which owns the hotel operated by Marriott International, Inc. using the tradename of Atlanta Marriott Marquis located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303. Defendant Black Diamond further shows**

that the subject hotel was exclusively maintained and operated by Marriott International, Inc.

Defendant Black Diamond denies each and every allegation of improper or tortious conduct set forth in Plaintiff's Complaint.

By way of further response, Defendant Black Diamond incorporates by reference its answer and affirmative defenses set forth in its Answer and Defenses to Plaintiff's Complaint.

Defendant Black Diamond has not asserted any counterclaims nor are there any cross-claims set forth in this action.

(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Response:  Response: Plaintiff seeks to recover from Defendant Black Diamond pursuant to a premises liability theory, based in Georgia Code Section 51-3-1.  However, the mere occurrence of an injury does not create a presumption of negligence on the part of the property owner or occupier. Robinson v. Kroger Co., 268 Ga. 735, 736 (1997).  Although the owner/occupier of the premises must exercise ordinary care, the owner/occupier is not an insurer of an invitee's safety, nor does the mere fact

that an accident occurred create a presumption of negligence.  **Dew v. Motel Properties, 282 Ga. App. 368, 370 (2006); Thomas v. Deason, 289 Ga. App. 753, 755 (2008).**

Furthermore, in order to recover for a fall, an invitee must show both that the property owner/occupier had actual or constructive knowledge of the hazard that caused the fall and that he "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the property owner." **Nemeth v. RREEF America, LLC, 283 Ga. App. 795, 797 (2007).**

In this case, Plaintiff is unable to sustain her claims against Defendant Black Diamond.  In pertinent part, O.C.G.A. § 44–7–14 provides:

> *Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.*

O.C.G.A. § 44–7–14 (emphasis added).

Georgia courts have ruled that a landlord who relinquishes possession or the right of possession of the premises cannot be liable to third parties for

damages arising from the negligence of the tenant." Colquitt v. Rowland, 265 Ga. 905, 906(1), 463 S.E.2d 491 (1995); Lake v. APH Enterprises, LLC, 306 Ga. App. 317, 319, 702 S.E.2d 654, 656 (2010). "This is so because the use of the tenements really belongs to the tenant during the lease; they are [her] property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented." (Citations and punctuation omitted.) Colquitt, 265 Ga. at 906 (citing Webb v. Danforth, 234 Ga. App. 211, 211, 505 S.E.2d 860, 861 (1998)). Therefore, to impose liability on a landlord for the negligent acts of his tenant, would yield a harsh and unwanted rule. See *Goettee v. Carlyle*, 68 Ga. App. 288, 293, 22 S.E.2d 854 (1942).

Moreover, a plaintiff must exercise ordinary care to avoid the consequences of any negligence on the part of the owner of property, and failure to do so bars her recovery. Gaydos v. Grupe Real Estate Investors, 211 Ga. App. 811, 440 S.E.2d 545 (1994). Therefore, even if a defendant is negligent, the fact that a plaintiff failed to exercise due care for his own safety and assumed the risk of any injury would bar any recovery from the defendant. City of Winder v. Girone, 265 Ga. 723, 724, 462 S.E.2d 704 (1995).

**The issue of whether a plaintiff exercised due care is not solely within the province of the fact finder. Id. (emphasis added).**

**A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury. Leonardson v. Ga. Power Co., 210 Ga. App. 574, 576, 436 S.E.2d 690 (1993). In City of Winder, the Georgia Supreme Court stated that a person's failure to exercise due care for his or her own safety bars any recovery in a civil action; even if a defendant is negligent. See supra, 265 Ga. at 724, 462 S.E.2d 704.**

**Defendant Black Diamond reserves the right to supplement this response as discovery is ongoing and as this case proceeds.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support you claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response: See Attachment A. Defendant Black Diamond reserves the right to supplement this response at a later date, if necessary.**

**(6)** Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list to Initial Disclosures as Attachment B.)

**Response: See Attachment B. Defendant Black Diamond has not determined whether an expert is necessary for trial. Defendant reserves the right to supplement this response at a later date, if necessary.**

**(7)** Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response: See Attachment C – listing of and collection of documents. Defendant Black Diamond reserves the right to supplement this response at a later date, if necessary.**

**(8)** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or

protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injured suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:  See Attachment D - Defendant Black Diamond does not claim damages by way of counterclaim but does reserve the right to seek recovery of its legal costs, expenses, and attorneys' fees.**

**(9)**    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**Response: None of which Defendant Black Diamond is aware at this time. Defendant reserves the right to supplement this response at a later date, if necessary.**

 **(10)** Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:   See Attachment E**.

Respectfully submitted, this the 23rd day of May, 2018.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza                          */s/ Candis R. Jones*
950 East Paces Ferry Road           Matthew G. Moffett
Atlanta, Georgia 30326                  Georgia State Bar No.:  515323
Telephone:  (404) 870-7390        Candis R. Jones
Facsimile:  (404) 870-7374         Georgia State Bar No.:  636218
E-mail:       mmoffett@grsmb.com      *Attorneys for Defendant Marriott*
                    cjones@grsmb.com        *International, Inc.*

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

This is to certify that I have this day served the foregoing **\*\*** upon all

counsel of record by electronic mail and depositing same in the United States mail

in a properly addressed envelope with adequate postage thereon to:

Stacey A. Carroll, Esq.
CARROLL LAW FIRM LLC
9040 Roswell Road
Suite 310
Atlanta, GA 30350

James W. Hardee, Esq.                         Steven J. Kyle, Esq.
David A. Olson, Esq.                 BOVIS, KYLE & BURCH & MEDLIN
FAIN MAJOR & BRENNAN, P.C.         200 Ashford Center North
100 Glenridge Point Parkway, Suite 500        Suite 500
Atlanta, GA 30342                         Atlanta, GA 30338-2668

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14 point font.

Respectfully submitted, this the   23rd   day of <u>May</u>, 2018.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:  (404) 870-7436
Facsimile:  (404) 870-1030
E-mail:      mmoffett@grsmb.com
              cjones@grsmb.com

*/s/ Candis R. Jones*
Matthew G. Moffett
Georgia State Bar No.:  515323
Candis R. Jones
Georgia State Bar No.: 636218
*Attorneys for Marriott International, Inc.*

## ATTACHMENT A
## Individuals Likely to Have Discoverable Information

| NAME | ADDRESS/CONTACT INFORMATION | INFORMATION |
|---|---|---|
| **Naomi Davis,** Plaintiff | c/o Plaintiff | Knowledge of Plaintiff's claimed injuries and damages. |

Defendant incorporates, by reference, any persons that Plaintiff identity in his Initial Disclosures. Defendant reserves the right to amend and/or supplement its responses as discovery continues.

**ATTACHMENT B**
**Expert Witness List**

None at this time. Defendant reserves the right to disclose an expert witness in accordance with the Federal Rules of Civil Procedure if and when the determination is made that an expert will be utilized.

**ATTACHMENT C**
**Documents**

1.      All pleadings, briefs and other documents on file or to be filed with

the Court;

2.      Any and all documents listed in Plaintiff's Initial Disclosures; and

3.      Plaintiff's medical records and bills.

Defendant reserves the right to amend and/or supplement its responses as

discovery continues.

## ATTACHMENT D
### Defendant's Damages

Defendant does not claim damages by way of counterclaim but does reserve the right to seek recovery of its legal costs, expenses, and attorneys' fees. Defendant reserves the right to amend and/or supplement its responses as discovery continues.

**ATTACHMENT E**
**Insurance Agreement**

Defendant Black Diamond shows that Co-Defendant Marriott is self-insured in an amount of $500,000. By way of further response, Defendant Black Diamond refers Plaintiff to the documents produced by Co-Defendant Marriott.