4400.0057

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., ) ) ) ) Plaintiff, ) ) v. ) ) MARRIOTT INTERNATIONAL INC. ) d/b/a Atlanta Marriott Marquis, ) BLACK DIAMOND BGWB14 INC., ) NATIONAL DENTAL ) ASSOCIATION, COLGATE- ) PALMOLIVE COMPANY, and John ) Does 1-2, ) ) Defendants. ) | Civil Action File No.: 1:18-CV-01732-SCJ |

## DEFENDANT
## MARRIOTT INTERNATIONAL, INC.'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant Marriott International Inc., (hereinafter referred to as "Defendant Marriott" or "Defendant") hereby submits its Initial Disclosures. Defendant expressly reserves all of the protections afforded by the attorney-client privilege, the work product doctrine, and the self-critical analysis privilege. The disclosures set forth herein are based upon the knowledge and documents within the

possession, custody, and control of Defendant at this time. Defendant is still investigating Plaintiff's claims as pled in her Complaint. To the extent Defendant learns of relevant information, witnesses and/or documents after the filing of these disclosures, Defendant reserves the right to supplement its answers either by way of amendment or via its responses to Plaintiff's interrogatories, document requests, and/or through deposition testimony.

## FRCP 26 Disclosures

**(1)** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response: Defendant Marriott International, Inc. operates a hotel known using the tradename of Atlanta Marriott Marquis. Defendant Marriott further shows that Atlanta Marriott Marquis is not a legal entity but the name of the hotel operated by Defendant Marriott located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303. By way of further response, Defendant Marriott shows that Defendant Black Diamond BGWB14 Inc. is an out-of-possession landlord named by Plaintiff.**

**(2)** Provide the names of any parties whom defendant contends are necessary parties to this action, but who has not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:   None known at this time.**

**(3)** Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:  Defendant Marriott has not completed its investigation into this matter and has not completed its preparation for trial.  Defendant Marriott anticipates that additional facts to support its defenses may be discovered and reserves the right to supplement its responses.**

**Without waiving these objections, Plaintiff's *Complaint* purports to state causes of action sounding in negligence against Defendant Marriott for injuries, damages and the ultimate death of decedent, Robert Davis, D.D.S., after he allegedly was injured while attending a National Dental Association Convention held at the Atlanta Marriott Marquis Hotel on or around July 22, 2016.**

**Defendant Marriott denies each and every allegation of improper or tortious conduct set forth in Plaintiff's Complaint.**

By way of further response, Defendant Marriott incorporates by reference its answer and affirmative defenses set forth in its Answer and Defenses to Plaintiff's Complaint.

Defendant Marriott has not asserted any counterclaims nor are there any cross-claims set forth in this action.

**(4)** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response: Plaintiff seeks to recover from Defendant pursuant to a premises liability theory, based in Georgia Code Section 51-3-1. However, the mere occurrence of an injury does not create a presumption of negligence on the part of the property owner or occupier. Robinson v. Kroger Co., 268 Ga. 735, 736 (1997). Although the owner/occupier of the premises must exercise ordinary care, the owner/occupier is not an insurer of an invitee's safety, nor does the mere fact that an accident occurred create a presumption of negligence. Dew v. Motel Properties, 282 Ga. App. 368, 370 (2006); Thomas v. Deason, 289 Ga. App. 753, 755 (2008).**

**Furthermore, in order to recover for a fall, an invitee must show both that the property owner/occupier had actual or constructive knowledge of the**

hazard that caused the fall and that he "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the property owner." Nemeth v. RREEF America, LLC, 283 Ga. App. 795, 797 (2007).

Moreover, a plaintiff must exercise ordinary care to avoid the consequences of any negligence on the part of the owner of property, and failure to do so bars her recovery. Gaydos v. Grupe Real Estate Investors, 211 Ga. App. 811, 440 S.E.2d 545 (1994). Therefore, even if a defendant is negligent, the fact that a plaintiff failed to exercise due care for his own safety and assumed the risk of any injury would bar any recovery from the defendant. City of Winder v. Girone, 265 Ga. 723, 724, 462 S.E.2d 704 (1995). The issue of whether a plaintiff exercised due care is not solely within the province of the fact finder. Id. (emphasis added).

A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury. Leonardson v. Ga. Power Co., 210 Ga. App. 574, 576, 436 S.E.2d 690 (1993). In City of Winder, the Georgia Supreme Court stated that a person's failure to exercise due care for

**his or her own safety bars any recovery in a civil action; <u>even</u> if a defendant is negligent. See supra, 265 Ga. at 724, 462 S.E.2d 704.**

**Defendant Marriott reserves the right to supplement this response as discovery is ongoing and as this case proceeds.**

**(5)** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support you claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response: See Attachment A. Defendant Marriott reserves the right to supplement this response at a later date, if necessary.**

**(6)** Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list to Initial Disclosures as Attachment B.)

**Response: See Attachment B. Defendant Marriott has not determined whether an expert is necessary for trial. Defendant reserves the right to supplement this response at a later date, if necessary.**

**(7)** Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response: See Attachment C – listing of and collection of documents. Defendant Marriott reserves the right to supplement this response at a later date, if necessary.**

**(8)** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injured suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response: See Attachment D - Defendant Marriott does not claim damages by way of counterclaim but does reserve the right to seek recovery of its legal costs, expenses, and attorneys' fees.**

**(9)** If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**Response: None of which Defendant Marriott is aware at this time. Defendant Marriott reserves the right to supplement this response at a later date, if necessary.**

**(10)** Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:   See Attachment E**.

Respectfully submitted, this the 23rd day of May, 2018.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**

| | |
|---|---|
| 1700 Atlanta Plaza | */s/ Candis R. Jones* |
| 950 East Paces Ferry Road | Matthew G. Moffett |
| Atlanta, Georgia 30326 | Georgia State Bar No.:  515323 |
| Telephone:  (404) 870-7390 | Candis R. Jones |
| Facsimile:  (404) 870-7374 | Georgia State Bar No.:  636218 |
| E-mail:    mmoffett@grsmb.com | *Attorneys for Defendant Marriott* |
|            cjones@grsmb.com | *International, Inc.* |

# CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

This is to certify that I have this day served the foregoing **\*\*** upon all counsel of record by electronic mail and depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stacey A. Carroll, Esq.
CARROLL LAW FIRM LLC
9040 Roswell Road
Suite 310
Atlanta, GA 30350

| James W. Hardee, Esq. | Steven J. Kyle, Esq. |
|---|---|
| David A. Olson, Esq. | BOVIS, KYLE & BURCH & MEDLIN |
| FAIN MAJOR & BRENNAN, P.C. | 200 Ashford Center North |
| 100 Glenridge Point Parkway, Suite 500 | Suite 500 |
| Atlanta, GA 30342 | Atlanta, GA 30338-2668 |

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14 point font.

Respectfully submitted, this the  23rd  day of May, 2018.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road        */s/ Candis R. Jones*
Atlanta, Georgia 30326            Matthew G. Moffett
Telephone: (404) 870-7436         Georgia State Bar No.: 515323
Facsimile: (404) 870-1030         Candis R. Jones
E-mail:    mmoffett@grsmb.com     Georgia State Bar No.: 636218
           cjones@grsmb.com       *Attorneys for Marriott International, Inc.*

# ATTACHMENT A
## Individuals Likely to Have Discoverable Information

| NAME | ADDRESS/CONTACT INFORMATION | INFORMATION |
|---|---|---|
| **Naomi Davis,** Plaintiff | c/o Plaintiff | Knowledge of Plaintiff's claimed injuries and damages. |
| **Justin Markham,** *former Marriott Red Coat* | c/o Defense counsel | Witnessed and reported the subject incident. |
| **Sherri Morgan,** *Marriott Director of Events* | c/o Defense counsel | Helped to assist with setting up for the opening reception for the NDA convention. |
| **Reginald Smith,** *Marriott Loss Prevention* | c/o Defense counsel | Responded to the incident and prepared the Marriott Guest Accident/Illness Report. |
| **Bradley A. Mathis,** *Marriott Director of Loss Prevention* | c/o Defense Counsel | Prepared Marriott Guest Accident/Illness Report prepared by Paul Lawrence. |
| **George Grant,** *Marriott Director of Loss Prevention* | c/o Defense Counsel | Reviewed Marriott Guest Accident/Illness Report prepared by Reginald Smith. |
| **Bianca Adams,** *National Dental Association Convention Attendee* | c/o Counsel for National Dental Association | Possible witness to subject incident. |
| **Alexis D. Irby,** *National Dental Association Convention Attendee* | c/o Counsel for National Dental Association | Possible witness to subject incident. |

| **Alexandra Fitzgerald,** *National Dental Association Convention Attendee* | c/o Counsel for National Dental Association | Possible witness to subject incident. |
|---|---|---|
| **Joshlyn Wilson,** *National Dental Association Convention Attendee* | c/o Counsel for National Dental Association | Witness to subject incident |

Defendant incorporates, by reference, any persons that Plaintiff identity in his Initial Disclosures. Defendant reserves the right to amend and/or supplement its responses as discovery continues.

**ATTACHMENT B**
**Expert Witness List**

None at this time. Defendant reserves the right to disclose an expert witness in accordance with the Federal Rules of Civil Procedure if and when the determination is made that an expert will be utilized.

# ATTACHMENT C
## Documents

1. All pleadings, briefs and other documents on file or to be filed with the Court;

2. Any and all documents listed in Plaintiff's Initial Disclosures;

3. Plaintiff's medical records and bills;

4. Documents produced herewith on May 23, 2018 to Plaintiff (Bates stamped MARRIOTT 000001 – MARRIOTT 00043) as follows:

   a) Marriott Guest Accident/Illness Report dated July 22, 2016

   b) Written Statement of Officer Reginald Smith

   c) Written Statement of Justin Markham (redacted)

   d) Photographs of a similar easel

   e) Photographs of the general area where easels were placed on the date of incident

   f) Records received from Grady EMS

   g) Records received from Grady Hospital

   h) Certificate of Liability Insurance

Defendant reserves the right to amend and/or supplement its responses as discovery continues.

# ATTACHMENT D
## Defendant's Damages

Defendant does not claim damages by way of counterclaim but does reserve the right to seek recovery of its legal costs, expenses, and attorneys' fees. Defendant reserves the right to amend and/or supplement its responses as discovery continues.

# ATTACHMENT E
## Insurance Agreement

Defendant is self-insured in an amount of $500,000. Defendant does not believe this matter exceeds this threshold amount. By way of further response, If and when damages exceed or approach the self-insured retention, additional insurance information will be provided.