IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NAOMI DAVIS, Individually and as Administrator of the Estate of Robert Davis, D.D.S., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No.: 1:18-CV-01732-SCJ |
| MARRIOTT INTERNATIONAL INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW all parties to the above-styled action and present this preliminary report and discovery plan to the court as follows:

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is a wrongful death action in which Plaintiff alleges Defendants are liable injuries, damages and the ultimate death of decedent, Robert Davis, D.D.S., after he allegedly suffered a leg injury when an easel and sign fell on his leg that had been placed in the middle of the Imperial Foyer during the**

**NDA Opening Night Reception while attending a National Dental Association Convention held at the Atlanta Marriott Marquis Hotel on or around July 22, 2016.**

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:

**On July 22, 2016, Plaintiff alleges that decedent Robert Davis, D.D.S., reportedly sustained an injury that resulted in decedent's demise while attending a National Dental Association Convention held at the Atlanta Marriott Marquis Hotel on or around July 22, 2016.**

**Defendants Marriott International, Inc. Black Diamond BGWB14 Inc. deny that any acts or omissions attributable to directly and proximately caused Plaintiff's contended injuries and damages.**

**Defendant National Dental Association denies that any acts or omissions attributable to directly and proximately caused Plaintiff's contended injuries and damages.**

**Defendant Colgate-Palmolive Company denies that any act or omission on the part of Colgate-Palmolive Company proximately caused the alleged incident, the alleged injuries and/or damages of decedent Robert Davis; therefore, Plaintiff cannot recover any damages against Colgate-Palmolive Company.**

**The legal issues to be tried are as follows:**

- **Breach of duty;**
- **Proximate medical causation;**
- **Damages (Punitive and O.C.G.A. § 13-6-1);**
- **Contributory/ Comparative Negligence;**
- **Equal or Superior Knowledge;**
- **Assumption of Risk; and**
- **Plaintiff failed to exercise ordinary care.**

(d)  The cases listed below (include both style and action number) are:

   (1)  Pending Related Cases:  **None.**

   (2)  Previously Adjudicated Related Cases:  **None**.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

   __  (1)  Unusually large number of parties

   __  (2)  Unusually large number of claims or defenses

   __  (3)  Factual issues are exceptionally complex

   __  (4)  Greater than normal volume of evidence

   **X**  (5)  Extended discovery period is needed

   __  (6)  Problems locating or preserving evidence

   __  (7)  Pending parallel investigations or actions by government

  ___ (8)  Multiple use of experts

  ___ (9)  Need for discovery outside United States boundaries

  ___ (10)  Existence of highly technical issues and proof

  ___ (11)  Unusually complex discovery of electronically stored information

**3.**  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **For Plaintiff:** | Stacey E. Carroll, Esq.<br>Georgia State Bar No.: 112730<br>Attorney for Plaintiff<br>**CARROLL LAW FIRM LLC**<br>9040 Roswell Road, Suite 310<br>Atlanta, GA 30350<br>Telephone: (404) 816-4555<br>Email: stacey@carroll-firm.com |
| **For Defendant Marriott and Black Diamond:** | Matthew G. Moffett, Esq.<br>Georgia State Bar No.: 515323<br>Candis R. Jones, Esq.<br>Georgia State Bar No.: 636218<br>**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**<br>1700 Atlanta Plaza<br>950 East Paces Ferry Road<br>Atlanta, Georgia 30326<br>Telephone: (404) 870-7436<br>Facsimile: (404) 870-1030<br>Email: mmoffett@grsmb.com<br>Email: cjones@grsmb.com |

|  |  |
|---|---|
| **For Defendant National Dental Association:** | James W. Hardee, Esq. |
| | Georgia State Bar No.: 324399 |
| | David A. Olson, Esq. |
| | Georgia State Bar No. 287506 |
| | **FAIN MAJOR & BRENNAN, P.C.** |
| | 100 Glenridge Point Parkway, Suite 500 |
| | Atlanta, GA 30342 |
| | Telephone: (404) 688-6633 |
| | Email: jhardee@fainmajor.com |
| | Email: dolson@fainmajor.com |
| **For Defendant Colgate-Palmolive Company:** | Steven J. Kyle, Esq. |
| | Georgia State Bar No.: 430900 |
| | Eric Ludwig, Esq. |
| | Georgia State Bar No.: 076224 |
| | **BOVIS, KYLE & BURCH & MEDLIN** |
| | 200 Ashford Center North, Suite 500 |
| | Atlanta, GA 30338-2668 |
| | Telephone: (770) 391-9100 |
| | Facsimile: (770) 668-0878 |
| | Email: kyle@boviskyle.com |
| | Email: cludwig@boviskyle.com |

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

    ___ Yes   **X** No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **None at this time.**

   (b) The following persons are improperly joined as parties:

   **Marriott and/or Black Diamond believe Black Diamond is an improper party.**

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **Marriott and/or Black Diamond allege Black Diamond is an out of possession landlord. Defendant Black Diamond is an out-of-possession landlord named by Plaintiff which owns the hotel operated by Marriott International, Inc. using the tradename of Atlanta Marriott Marquis located at 265 Peachtree Center Avenue NE, Atlanta, Georgia 30303. Defendant Black Diamond further shows that the subject hotel was exclusively maintained and operated by Marriott International, Inc.**

   (d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement

of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

   (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

   (a) *Motions to Compel:* Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

   (b) *Summary Judgment Motions:* Within thirty (30) days after the close of

discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration. **Plaintiff has reason to believe that Defendant Black Diamond is a corporation with its principle place of business in Georgia, thus destroying diversity in this matter, but need to conduct discovery on this topic. At the close of this portion of the discovery, Plaintiff anticipates filing a motion to remand the case back to State Court.**

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The Parties may request a scheduling conference following the close of discovery.**

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**By Plaintiff: Plaintiff anticipates needing discovery on the following topics:**

- **Black Diamond's status as a Georgia corporation in terms of its principle place of business.**
- **The negligence of each of the Defendants in terms of placing an easel and sign in the middle of a cocktail reception containing hundreds of convention attendees, adjacent to bars, where the sign might foreseeably be bumped or knocked into another attendee.**
- **Who placed the sign and easel, who had supervisory authority over their placement.**
- **Depositions and discovery of all the Defendants' employees who organized the NDA Convention; had responsibility for sign and easel placement; security and safety of the convention attendees; sponsorship programs for the NDA that lead to the placement of the easel and sign; and prior incidents at the Marriott or other NDA Conventions.**
- **Marriott's document and electronic document retention policy, particularly concerning why the video of the incident was not preserved after it was made aware of the serious injury to Dr. Davis.**
- **Proximate cause and damages.**

**By Defendants Marriott and Black Diamond:**

**Duty, breach, proximate causation, and damages; contributory or comparative negligence, equal or superior knowledge.**

**By Defendant National Dental Association:**

**Duty, breach, proximate causation, and damages; contributory or comparative negligence, equal or superior knowledge.**

**By Defendant Colgate-Palmolive Company:**

**Discovery is needed on all issues related to the Plaintiff's allegations, including duty, breach, proximate causation and damages; contributory or comparative negligence, equal or superior knowledge. Defendant further anticipates complex discovery regarding medical and expert issues.**

If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

11. **Discovery Limitation and Discovery of Electronically Stored Information**:

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this

Court, and what other limitations should be imposed. Given that the defendant is a global enterprise there should be a longer discovery period than eight months and Plaintiff is requesting to be allowed to ask seventy- five interrogatories and requests to admit. Much of the discovery will be via electronic retrieval. **N/A Plaintiff anticipates being required to conduct discovery on electronically stored information at Marriott concerning prior incidents where attendees/invitees are injured and concerning why Marriott did not preserve the video of the Incident.**

(b) Is any party seeking discovery of electronically stored information?

    **X**  See 11(a) **Yes**               **X**   No

**Discovery has not yet commenced and therefore it is unknown whether discoverable materials have been electronically created, maintained or stored. The parties have agreed that should discoverable materials be revealed during the course of discovery, they will meet and discuss the sources and scope of the production of such items and the format for the production of such items for the purposes of agreements relative to the production of such items. The parties do not waive any potential objections to discovery requests by making this statement.**

If "yes,"

**(1)** The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: **Not applicable.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (.PDF), or native), method of production (e.g., paper of disk), and the inclusion or exclusion and use of meta data, and have agreed as follows: The parties are willing to work with one another regarding the production of any and all electronically stored information in the format it is usually maintained. Specifically, there is no objection to the production of electronically stored information in the .PDF format.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13. **Settlement Potential.**

   (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **May 23, 2018** however they did not participate in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

   (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (___) A possibility of settlement before discovery.

   **( X ) A possibility of settlement after discovery.**

   (___) A possibility of settlement, but a conference with the judge is needed.

   (___) No possibility of settlement.

   (c) Counsel (___) does or **( X ) does not** intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: **To be determined.**

   (d) The following specific problems have created a hindrance to settlement of this case.

   **None currently known.**

**8.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, of 2018.

(b) The parties **( X )** do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted,

***/s/ Stacey A. Carroll***
Stacey E. Carroll, Esq.
Georgia State Bar No.: 112730
*Attorney for Plaintiff*

**CARROLL LAW FIRM LLC**
9040 Roswell Road, Suite 310
Atlanta, GA 30350
Telephone:  (404) 816-4555
Email: stacey@carroll-firm.com

***/s/ Candis R. Jones***
Matthew G. Moffett, Esq.
Georgia State Bar No.: 515323
Candis R. Jones, Esq.
Georgia State Bar No.: 636218
*Attorneys for Marriott International, Inc. and Black Diamond BGWB14 Inc.*

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone: (404) 870-7436
Email: mmoffett@grsmb.com
Email: cjones@grsmb.com

/s/ James W. Hardee
James W. Hardee, Esq.
Georgia State Bar No.: 324399
David A. Olson, Esq.
Georgia State Bar No. 287506
*Attorneys for National Dental Association*

**FAIN MAJOR & BRENNAN, P.C.**
100 Glenridge Point Parkway, Suite 500
Atlanta, GA 30342
Telephone: (404) 688-6633
Email: jhardee@fainmajor.com
Email: dolson@fainmajor.com

/s/ Steven J. Kyle
Steven J. Kyle, Esq.
Georgia State Bar No.: 430900
*Attorney for Colgate-Palmolive Company*

**BOVIS, KYLE & BURCH & MEDLIN**
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: (770) 391-9100
Facsimile: (770) 668-0878
Email: kyle@boviskyle.com
Email: cludwig@boviskyle.com

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amended the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
The Honorable Judge Steve C. Jones
UNITED STATES DISTRICT JUDGE