# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NAOMI DAVIS, individually and as Administrator of the Estate of Robert Davis, DDS | ) ) ) ) | |
| Plaintiff, | ) ) ) ) ) ) | Civil Action File No. 1:18-cv-01732-SCJ |
| v. | ) ) | |
| MARRIOTT INERNATIONAL, INC. d/b/a Atlanta Marriott Marquis, BLACK DIAMOND BGWB14 INC., NATIONAL DENTAL ASSOCIATION, COLGATE-PALMOLIVE COMPANY, and John Does 1-2, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff in the above-captioned action presently pending in this Court hereby makes the following **Initial Disclosures** required by Fed. R. Civ. P 26(a)(1), LR 26.1(B), NDGa, and in the form required by Appendix B to the Local Court Rules for this District:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what

defendant did or failed to do, and a succinct statement of the legal issues in the case.

**<u>Response</u>**:

This is a wrongful death action arising out of an incident that occurred at the Atlanta Marriott Marquis on July 22, 2016. The decedent, Robert Davis, DDS, was in town, visiting from his home in Dayton, Ohio, to attend the 103rd National Dental Association Annual Convention, which the Atlanta Marriott Marquis was hosting. On the evening of the first night of the convention, there was a cocktail being held in the Imperial Foyer, prior to the Opening Session, which was being held in an adjacent ballroom to the Foyer

As the cocktail mixer was ending, Dr. Davis went to return a glass to the table next to the bar that had been set up in the Foyer. An easel and sign had been set up in the middle of the Foyer, knowing attendees to the convention would be milling about enjoying the cocktail reception. Upon information and belief, the sign was an advertisement for Colgate. As Dr. Davis was walking to dispose of his glass, someone bumped the easel/sign, causing it to fall in the direction of a young woman, who was also an attendee. Dr. Davis extended his leg to prevent the easel/sign from striking her, and instead, it struck Dr. Davis' left leg, causing serious injury.

Mr. Davis went to the emergency room by ambulance, where he was evaluated for a left knee patella tendon rupture, which was likely misdiagnosed. He returned home to Ohio a few days later where he sought immediate medical attention. Ultimately, he was diagnosed with a quadricep tendon rupture. Surgery was scheduled. However, in the early morning hours of July 29, 2016, a week after the initial injury, Mr. Davis suffered a Pulmonary Embolus as a result of the blunt force trauma to his left leg, which proved to be fatal.

The primary legal issues in the case concern the negligence of the parties. Who put an unattended easel in the middle of a crowded Foyer during a cocktail party, was that negligent; and who was in charge of the safety of the attendees who should have noticed the dangerous situation and corrected it.

2. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

**Response**: Experienced convention sponsors like the National Dental Association, The Marriott and Black Diamond, and Colgate Palmolive should have known that placing an unattended easel and sign in the middle of a crowded cocktail party could cause injury. It is certainly foreseeable that someone may bump the easel causing it and the sign to fall over and strike a convention attendee. Their liability will be evaluated under general negligence principles, specifically,

whether it was a breach of the duty of ordinary care to place the sign/easel, or allow the sign/easel to be placed in the middle of a crowded convention attended by hundreds (if not more) of dental professionals.

3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjections of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

**Response**:

Please see **Attachment A** for a list of witnesses presently known to Plaintiffs.

4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response**:

Plaintiff has not yet made a determination or identification of the expert witnesses which will be called testify at the trial of this case, and at this early point in the case, do not have written expert Rule 26 reports from any expert. Given the nature of this response, Plaintiff is not attaching an "Attachment B," but will supplement this disclosure at the appropriate time.

5. Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or

control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

**Response**:

Please see **Attachment C** for a list of documents and things responsive to this request.

6. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

**Response**:

Please see **Attachment D** for a list of documents and things responsive to this request. With respect to general compensatory damages, such as physical and mental pain and suffering, such damages will be left to the enlightened conscience of the jury based on evidence adduced at trial as set forth under applicable Georgia law. Dr. Davis' family has lost his financial and emotional support, love, and companionship. Dr. Davis' wife, the plaintiff herein, has lost substantial income from the loss of her husband, the tax returns for which have been previously provided to the parties. Documents referenced in Exhibit D hereto – including

medical records and bills – will provide evidence for a jury to consider when evaluating the pain, suffering and anguish, both physical and mental.

7. Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

**Response**:

Not applicable to Plaintiff.

8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.

**Response**:

Plaintiff believes that Medicare may have a subrogation interest in this case, but plaintiff has not been put on notice of other subrogation claims at this time.

Dated: June 4, 2018

                                         **CARROLL LAW FIRM LLC**

                                         */s/Stacey A. Carroll*
                                         Stacey A. Carroll
                                         Georgia Bar No. 112730
                                         4200 Northside Parkway, NW
                                         Building One, Suite 300
                                         Atlanta, GA 30350
                                         Phone: 404-816-4555
                                         Fax: 404-481-2074
                                         stacey@carroll-firm.com

Dennis Mulvihill
Ohio State Bar No. 0063996
23240 Chagrin Blvd., Suite 620
Cleveland, OH 44122
Phone: 216-591-0133
Fax: 216-591-0622
Dmulvihill@yourlegalhelp.com
*Pro Hac Vice Application to be filed*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed and served the foregoing Plaintiff's Initial Disclosures through the Court's EM/ECF filing system which will automatically serve a copy of said pleading upon all counsel of record.

This 4th day of June, 2018.

**CARROLL LAW FIRM LLC**

*/s/Stacey A. Carroll*
Stacey A. Carroll
Georgia Bar No. 112730
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30350
Phone: 404-816-4555
Fax: 404-481-2074
stacey@carroll-firm.com
*Attorney for Plaintiff*

**Attachment A to Plaintiff's Initial Disclosures**

**Witnesses Presently Known to Plaintiff**

Plaintiff hereby identifies the following witnesses presently known to her who may have knowledge and may be called at trial. Plaintiff will supplement this list in a timely manner in the event that additional witnesses are identified.

1) Dr. Janet Styles – fact witness

2) Dr. Helen Holte – fact witness

3) Dr. Edith Cheek – fact witness

4) Dr. Joseph Gay – fact witness

5) Dr. Perciville DeCosta – fact witness

6) Rena Henritues – daughter – damages witness

7) Robert Anthony Davis – son – damages witness

8) Karen Davis – daughter – damages witness

9) Eric Aaron – hotel security – fact witness

10) Justin Markham – hotel employee – fact witness

11) Sherri Morgan – hotel director of event planning – fact witness

12) Reginald Smith – hotel loss prevention officer – fact witness

13) James Zitka – Grady Paramedic

14) John Arevalo – Grady Paramedic

15) Vanessa Cousins, MD – Grady ER doctor

16) Morris L. Brown, MD – PCP

17) Michael Welker, MD – Orthopedic Knee Doctor

18) Daniel J. Martinez – Trotwood EMS

19) Martin K. Dunsky, DO – Good Samaritan ER doctor

20) Kent Edward Harshbarger, MD – Coroner

**Attachment C to Plaintiff's Initial Disclosures**

**Plaintiff's Document List**

Plaintiff expects that the following documents and things, or categories of documents and things, may be referenced or used as exhibits at trial. Plaintiff is still in the process of obtaining additional documents, including in particular documents from Defendants that have been or will be requested in discovery, and will provide a complete trial exhibit list in a timely manner under the Local Rules and the Scheduling Order of this Court.

1) Death Certificate of decedent, Robert Davis, DDS

2) All Medical Records and Bills of Robert Davis, DDS

3) Wage loss documentation of Robert Davis, DDS

4) Funeral and burial documentation of Robert Davis, DDS

In addition to those documents that are being produced at this time by Plaintiff, Plaintiff believes that there are a significant number of documents or categories of documents in the possession of one or more of the Defendants which are or may be of relevance to this case and will be sought, including:

- documents related to Defendants' insurance policies;
- documents related to Defendants' policies and procedures; and

Plaintiff reserves the right to supplement and/or amend these categories of documents as discovery continues.

**Attachment D to Plaintiff's Initial Disclosures**

**Documents or Categories Showing Nature and Extent of Injury**

The following documents contain information about the nature and extent of decedent Robert Davis, DDS injury and out of pocket expenses incurred by his family:

Medical Records and Bills from Grady EMS

Medical Records and Bills from Grady Memorial Hospital

Medical Records and Bills from Dayton Primary & Urgent Care

Medical Records and Bills from Michael Welker, MD of Kettering Health

Medical Records and Bills from City of Trotwood EMS

Medical Records and Bills from Good Samaritan Hospital

HH Roberts Mortuary Bill

Dodds Monuments Tombstone Bill

Calvary Cemetery Bill